IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY C. HENDRIX, #60828,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:15-CV-0220-G-BK |
| | § | |
| NATIONAL FOOTBALL LEAGUE, et al.,<br>Defendants. | §<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a state prisoner confined in Colorado, filed a *pro se* complaint along with a motion to proceed *in forma pauperis*, which were automatically referred to the United States Magistrate Judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. For the reasons that follow, it is recommended that the case be summarily dismissed as barred by three strikes.

**I. ANALYSIS**

28 U.S.C. § 1915(g), the "three-strike" provision of the PLRA, precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). The United States Court of Appeals for the Fifth Circuit has upheld the constitutionality of the three-strike provision. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

Plaintiff has accrued three strikes under section 1915(g). Before filing this lawsuit, the United States District Courts for the District of Oregon and the District of Delaware dismissed three of his civil actions as frivolous and/or for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and/or 1915A(b). *See Hendrix v. State of Oregon*, No. 1:10-CV-333 (D. Or. 2010)

(accepting recommendation dismissing complaint with prejudice as frivolous); *Hendrix v. Kitzhaber, et al.*, No. 3:13-CV-149 (D. Or. 2013) (dismissing complaint "as frivolous, fanciful, and without any basis in law."); *Hendrix v. Barclays Bank Delaware*, No. 1:14-CV-1214 (D. De. 2014) (dismissing complaint as frivolous under 28 U.S.C. § 1915(e)(2)(b)(i) and § 1915A(b)(1)).[1]

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges that he was in "imminent danger of serious physical injury" at the time of filing the complaint. See *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*). Even when liberally construed, the complaint presents no such claim. See *Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). Plaintiff attempts to sue the National Football League and others for "negligence, breach of fiduciary duty, and wreckless [sic] disregard" stemming from a "'video reversal' of an out-standing thirty yard pass reception by Dez Bryant." [Doc. 1 at 1]. Therefore, Plaintiff is barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be **DENIED**, and that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the re-filing of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the re-

---

[1] In some of the prior actions, Plaintiff's name is spelled as "Terrence" instead of "Terry;" however, his prisoner number is the same.

filing of this lawsuit with full payment of the $400.00 filing fee.[2]

SIGNED January 26, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id*. The $50 administrative fee will not be deducted. *Id*.